IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMANTHA BLAZER,<br><br>         Plaintiff,<br>   v.<br><br>AVEANNA HEALTHCARE AS, LLC d/b/a AVEANNA HEALTHCARE.,<br><br>         Defendant. | Case No.:<br><br><br>**JURY TRIAL DEMANDED**<br><br><br>*ELECTRONICALLY FILED* |

## COMPLAINT

Plaintiff, Samantha Blazer, a resident of Centre County, Pennsylvania, by and through her attorneys, brings this civil action for damages against the above-named Defendant, Aveanna Healthcare AS, LLC d/b/a Aveanna Healthcare, and complains and alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of the claims set forth in this Complaint is proper pursuant to the Pregnancy Discrimination Act of 1978, 42 U.S.C. §2000e *et seq.* ("PDA"), the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* ("FMLA"), and 28 U.S.C. §§1331 and 1343.

2. Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise

to these claims occurred in this Judicial District, and because the unlawful discrimination practices that are the subject of this action were committed in this Judicial District.

**PARTIES**

3. Plaintiff Samantha Blazer ("Ms. Blazer") is an adult female residing at 223 Mountain Road, State College, Centre County, Pennsylvania 16801.

4. Defendant Aveanna Healthcare AS, LLC d/b/a Aveanna Healthcare ("Aveanna") is a Delaware limited liability company, with a primary office address of 400 Interstate North Parkway, Suite 1600, Atlanta, Georgia 30339.

5. Aveanna is in the business of providing home health care, hospice care, and private duty nursing, and maintains offices throughout Pennsylvania and the United States.

6. At all times relevant and material to this Complaint, Aveanna maintained a business location at 1631 South Atherton Street, #201, State College, Centre County, Pennsylvania 16801.

7. At all times relevant and material hereto, Aveanna employed at least 50 individuals within a 75 mile radius of its location in State College, Pennsylvania.

8. Ms. Blazer was an "eligible employee" under § 2611(2) of the FMLA in that she was employed for at least 12 months by Aveanna before her

termination, and she had been employed for at least 1,250 hours of service with Aveanna during the 12-month period preceding her termination.

9. Aveanna is an "employer" as defined under § 2611(4) of the FMLA because it is engaged in commerce or an industry or activity affecting commerce that employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding year.

10. At all times relevant and material hereto, Aveanna was an "employer" as defined in the PDA.

## ADMINISTRATIVE PROCEEDINGS

11. On or about April 23, 2024, Ms. Blazer filed a Charge of Discrimination against Aveanna with the Equal Employment Opportunity Commission ("EEOC"), which was docketed as Case No. 530-2024-05437.12.

Ms. Blazer has been advised of her right to sue the defendant in federal court which notice was received on May 1, 2024.

13. All necessary and appropriate administrative prerequisites to this action have occurred.

## FACTUAL BACKGROUND

14. Ms. Blazer was an employee of Aveanna for over nine years, starting as a Client Services Supervisor and rising to the position of Executive Director of the State College, Pennsylvania location in or about October 2020.

15. In or about 2023, Ms. Blazer was placed on a ninety-day Performance Improvement Plan ("PIP"); however, she successfully completed that PIP in or about October 2023, and continued in her job without any further issues for several months.

16. On or about March 5, 2024, Ms. Blazer advised her boss, Shane O'Neal, and her LOA team member, Claudette Lowe, that she was pregnant and would need to take maternity leave in or about July 2024.

17. The very next day, on or about March 6, 2024, Ms. Blazer was advised that her employment was being terminated under the pretext that "things weren't working out anymore."

18. The timing of Ms. Blazer's termination, just one day after advising Aveanna that she would need to take maternity leave, and without any further incident or justification, makes it clear that Ms. Blazer was terminated on the basis of her pregnancy and/or because she would have been eligible to use FMLA leave due to her pregnancy and/or childbirth.

## COUNT I
## VIOLATIONS OF THE PDA

19. All prior paragraphs are incorporated herein by reference as if more fully set forth at length.

4

20. Title VII of the Civil Rights Act of 1964 prohibits employment discrimination based upon an individual employee's sex. 42 U.S.C. §2000e-2(a). The Pregnancy Discrimination Act of 1978, amended Title VII to state that:

> The terms "because of sex" or "on the basis of sex" include but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in the ability or inability to work.

21. Ms. Blazer was within the protective class of individuals as designed by the PDA.

22. Ms. Blazer was able to perform the essential functions of her position with Aveanna.

23. Ms. Blazer was terminated by Aveanna solely as a result of her pregnancy.

24. As a direct and proximate result of the conduct of Aveanna in violating the PDA by discriminating against Ms. Blazer on the basis of her pregnancy, Ms. Blazer has been permanently and irreparably harmed and damaged and has and will continue to lose benefits of employment such as lost earnings, lost employment benefits, and non-economic damages in the form of embarrassment, humiliation, and anxiety.

WHEREFORE, Plaintiff, Samantha Blazer, seeks the damages set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

## COUNT II
## VIOLATION OF THE FMLA – INTERFERENCE WITH FMLA RIGHTS

25. All prior paragraphs are incorporated herein as if set forth fully below.

26. Ms. Blazer had the right under the FMLA to twelve (12) weeks of job-protected leave in a fifty-two (52) week period because of her pregnancy / childbirth.

27. The FMLA prohibits an employer from interfering and/or discriminating against an employee for exercising his FMLA rights.

28. Aveanna violated Ms. Blazer's FMLA rights by terminating her employment after she advised Aveanna that she would need to take FMLA leave for her pregnancy in or about July 2024.

29. Accordingly, Aveanna interfered with Ms. Blazer's federal rights under the FMLA.

WHEREFORE, Plaintiff, Samantha Blazer, seeks the damages set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

## *AD DAMNUM* CLAUSE/PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Samantha Blazer, prays that this Honorable Court enter judgment in her favor and against Defendant, Aveanna Healthcare AS, LLC d/b/a Aveanna Healthcare and that it enter an Order as follows:

a. Defendant is to be permanently enjoined from interfering with and/or discriminating against Plaintiff on the basis of her pregnancy, and/or any basis prohibited under applicable federal law;

b. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of interfering with and/or discriminating or retaliating against employees based on their gender, and is to be ordered to promulgate an effective policy against such interference and/or discrimination and to adhere thereto;

c. Defendant is to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered discrimination at the hands of Defendant until the date of verdict;

d. Plaintiff is to be awarded interest on her monetary losses at the prevailing rate;

e. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to her by Defendant's actions;

f. Plaintiff is to be awarded liquidated damages under the FMLA;

g. Plaintiff is to be awarded punitive damages as provided for under the PDA;

h. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

i. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal law;

j. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

k. Plaintiff is to be granted such additional injunctive or other relief as she may request during the pendency of this action in an effort to ensure Defendant does not engage - or cease engaging - in illegal retaliation against Plaintiff or other witnesses to this action; and

l.      The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

## DEMAND FOR JURY

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

Respectfully submitted,

**Weisberg Cummings, P.C.**

June 3, 2024
Date

*/s/ Larry A. Weisberg*
Larry A. Weisberg (PA 83410)
lweisberg@weisbergcummings.com

*/s/ Derrek W. Cummings*
Derrek W. Cummings (PA 83286)
dcummings@weisbergcummings.com

*/s/ Steve T. Mahan*
Steve T. Mahan (PA 313550)
smahan@weisbergcummings.com

*/s/ Michael J. Bradley*
Michael J. Bradley (PA 329880)
mbradley@weisbergcummings.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110
(717) 238-5707
(717) 233-8133 (FAX)

Attorneys for Plaintiff